UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTRAUN COE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-CV-2156 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

On July 11, 2008, Petitioner Antraun Coe, acting pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence (#1) under 28 U.S.C. § 2255 with an accompanying Memorandum of Law in support of the Motion. The Government filed its Response (#7) on August 25, 2008. For the reasons that follow, this court DENIES Petitioner's Motion with regard to grounds (1) and (2), but orders an evidentiary hearing to be held with regard to ground (3).

BACKGROUND

Petitioner Antraun Coe was indicted in November 2006 on one count of knowingly and intentionally conspiring with others to distribute 50 or more grams of a mixture or substance containing cocaine base (crack) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). On February 21, 2007, Petitioner entered an open plea of guilty to the charge in the indictment and on June 7, 2007, was sentenced by this court to 240 months in the Federal Bureau of Prisons to be followed by 10 years of supervised release. In his plea Petitioner agreed that he was responsible for the 50 or more grams of a mixture of or substance containing crack. The Pre-Sentence Investigation

Report, which this court adopted as findings upon sentencing, found that Petitioner and his co-conspirators were accountable for 566.4 grams of crack. Petitioner was represented at all times during his criminal case by Assistant Federal Public Defender John Taylor.

On July 11, 2008, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence (#1) pursuant to 28 U.S.C. § 2255. In his Motion, Petitioner claimed that AFPD Taylor provided ineffective assistance of counsel in three ways: (1) counsel failed to investigate the telephone number used to support probable cause in the arrest affidavit; (2) counsel failed to properly contest and establish the proper drug amount determination and calculation for purpose of sentencing; and (3) counsel failed to file a notice for direct appeal when asked to by Petitioner. The Government filed its Response (#7) on August 25, 2008.

## ANALYSIS

We will address each of Petitioner's arguments in turn. For the reasons that follow, we DENY Petitioner's Motion with regard to grounds (1) and (2), but order that an evidentiary hearing be held on ground (3).

Petitioner's first ground in his Motion is that counsel was ineffective for failing to investigate the telephone number used to support probable cause in his arrest affidavit. Specifically, Petitioner argues that counsel failed to object to or raise issue with the admission of the telephone number and conversations from the phone calls used to support probable cause in the arrest affidavit, when Petitioner contended that the telephone number had been disconnected for 60 days before the police used it to bring about the arrest warrant. Petitioner argues that the evidence was a fabrication.

A claim for ineffective assistance of counsel is appropriate to bring in a § 2255 motion, however to prevail on such a claim a Petitioner must show both that: (1) his attorney's performance

was objectively unreasonable and (2) that the objectively unreasonable performance prejudiced Petitioner. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Regardless of when the claim is made, and because there is a presumption that counsel has been effective, a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). Regarding the performance prong, a defendant must direct the court to specific acts or omissions which inform his claim and the court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. For the prejudice prong, the defendant must show that a reasonable probability exists that, but for his counsel's poor performance, the result of the proceeding would have been different. Hardamon v. United States, 319 F.3d 943, 948 (7th Cir. 2003).

"'To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." Hays v. United States, 397 F.3d 564, 568 (7th Cir. 2005), citing Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). "This test is 'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." Hays, 397 F.3d at 568.

Evidentiary hearings on § 2255 motions are not mandatory and the Seventh Circuit has held that in order for a hearing to be granted, the petition must be accompanied by an affidavit which shows that the petitioner has actual proof of what he is alleging going beyond mere unsupported assertions. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Prewitt, 83 F.3d at 819, citing

Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989).

In the instant case, with regard to Petitioner's first ground for ineffective assistance, counsel's failure to challenge the probable cause for the warrant based on the telephone number used, Petitioner's argument fails.  As required, Petitioner has not provided this court with any affidavit showing that Petitioner has actual proof of his allegation that the telephone number in question had been disconnected for 60 days prior to the arrest warrant.  See Prewitt, 83 F.3d at 319.  All Petitioner has is a mere conclusory allegation in his memorandum of law for the motion.  There is no affidavit and no actual proof to back up Petitioner's claim.  Therefore, his request for habeas relief on his first ground for ineffective assistance of counsel is DENIED.

Petitioner's claim on his second ground, counsel's failure to challenge the drug quantity at sentencing, must also fail.  Again, Petitioner has failed to provide an affidavit showing specifically what proof he has to challenge the drug quantity and what exactly his counsel should have done.  Petitioner merely makes a conclusory argument without providing any facts as to what counsel should have said or how he was prejudiced by counsel's failure to act.  Further, as pointed out by the Government, Petitioner, in his open guilty plea, admitted to the amount of drugs necessary to trigger the statutory minimum penalty of 20 years imprisonment.  A guilty plea is more than a confession that the accused committed various acts, but rather it is an admission that the accused committed the crime charged against him.  United States v. Broce, 488 U.S. 563, 570 (1989).  Therefore, Petitioner's second ground for ineffective assistance is without merit and his request for habeas relief on that ground is DENIED.

Petitioner's third claim, however, presents more of a problem.  Petitioner alleges that he told his counsel to file a direct appeal and that counsel failed to do so.  Petitioner entered an open guilty

-4-

plea, and did not waive his right to appeal in that plea. When counsel ignores specific instructions from his defendant-client to file a notice of appeal, counsel is acting in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Here, in its Response (#7), the Government asserts that it has conferred with Petitioner's counsel, John Taylor, and that Taylor advises that at no time did Petitioner instruct him to file a notice of appeal. However, the Government concedes that Petitioner's allegation raises a factual issue for this court to address at an evidentiary hearing at which Petitioner and his trial counsel must testify concerning the dispute. Therefore, this court will order an evidentiary hearing to be held on the third ground and third ground alone.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion with regard to grounds (1) (telephone number and probable cause for the warrant) and (2) (counsel's failure to challenge the drug amount at sentencing) is DENIED. Those grounds are found to be without merit.

(2) An evidentiary hearing is to be held on ground (3) and ground (3) only, concerning whether Petitioner asked counsel to file a direct notice of appeal.

(3) This matter be set for a Telephone Status Conference on September 25th (9/25) at 10:00 am to schedule an evidentiary hearing in this matter.

(4) This court hereby appoints J. Steven Beckett, C.J.A. Panel Representative, to represent Petitioner Antraun Coe at evidentiary hearing to be held in this case.

ENTERED this   10th   day of September, 2008

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE