UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTRAUN COE,            )<br>                                )<br>        Petitioner,  )<br>                                )<br>    v.                        )<br>                                )<br>UNITED STATES OF AMERICA, )<br>                                )<br>        Respondent.  ) | Case No. 08-CV-2156 |

**OPINION**

Petitioner, Antraun Coe, filed his Second Amended Motion to Vacate, Set Aside, or Correct Sentence (#36) on May 8, 2009. The government filed its Response (#39) on May 21, 2009. Petitioner filed his Reply (#41) on June 8, 2009. For the following reasons, Petitioner's Motion is DENIED as to grounds 2 and 3 and an evidentiary hearing is ordered for ground 1.

BACKGROUND

Procedural Background

Petitioner pled guilty on February 21, 2007, in criminal case 06-CR-20070, before this court to one count of conspiracy to distribute 50 or more grams of cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). On June 7, 2007, Petitioner was sentenced to 240 months in the Federal Bureau of Prisons. No direct appeal was ever filed.

On July 7, 2008, Petitioner filed his original Motion to Vacate, Set Aside, or Correct Sentence (#1). In that motion, Petitioner claimed that his counsel, Assistant Federal Defender John Taylor, provided him with ineffective assistance of counsel in three ways: (1) counsel

failed to investigate the telephone number used to support probable cause in the arrest affidavit; (2) counsel failed to properly contest and establish the proper drug amount determination and calculation for purpose of sentencing; and (3) counsel failed to file a notice for direct appeal when told to do so by Petitioner.

On September 10, 2008, this court entered an Opinion (#8) ruling on Petitioner's original Motion (#1). The first ground, the challenge to the telephone number used in the affidavit to support probable cause, was denied because Petitioner did not provide the court with any affidavit showing that he had actual proof of his allegation that the telephone number in question had been disconnected 60 days prior to the arrest warrant. All Petitioner had were conclusory allegations in his memorandum of law. The second ground, counsel's failure to challenge the drug quantity Petitioner was held responsible for at sentencing, was denied because Petitioner's allegations were again conclusory and he admitted to the amount of drugs necessary to trigger the statutory mandatory minimum 20 year sentence at his guilty plea. The third ground, that counsel failed to file a notice of appeal despite Petitioner ordering him to, was set for an evidentiary hearing.

Attorney J. Steven Beckett was appointed to represent Petitioner at the evidentiary hearing. Beckett filed an Amended Motion to Vacate Sentence Pursuant to § 2255 (#21) on January 6, 2009. This new motion concerned the government's failure to file a Rule 35 motion for downward departure. The government filed its Response (#29) on February 6, 2009, and Petitioner filed his Reply (#30) on February 16, 2009. On February 26, 2009, the court granted attorney Beckett's Motion to Withdraw (#26) and Elisabeth Pollock was allowed to continue as Petitioner's attorney. Petitioner was then given leave to file a second amended motion to vacate

sentence.

Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#36) was filed on May 8, 2009. In this motion Petitioner again argued that Assistant Federal Defender Taylor was ineffective for not filing a direct appeal despite Petitioner's insistence that he do so. Petitioner also argued, however, that (A) Taylor was ineffective for failing to investigate Petitioner's claim that there was no probable cause to search his residence on September 28, 2006 and for his failure to file a motion to suppress in connection with the search; and (B) Taylor was ineffective for failing to investigate Petitioner's lack of participation in the alleged conspiracy and for his subsequent failure to uncover exculpatory evidence.

In support of his Second Amended Motion Petitioner filed a Memorandum (#37) as well as affidavits. In Petitioner's affidavit, Exhibit A, Petitioner avers that he told his attorney, John Taylor, at the sentencing hearing that he wanted to appeal. Taylor told him to call his office, which Petitioner did, but was told that Taylor was no longer his lawyer. As it concerns the underlying affidavit in support of the search warrant and criminal complaint, Petitioner stated he never possessed, owned, or used a cellular phone with the number (217) 317-1772. He never received phone calls from the confidential source as alleged in the affidavits. Although Petitioner informed Taylor about those facts and asked him to subpoena telephone records to prove he had never possessed, owned, or used the cell phone, Taylor did not investigate his claims. Petitioner also informed Taylor that co-defendant Tammy Collins was willing to testify that Petitioner had not been involved in the phone calls and he also provided Taylor with the name and address of a witness (Niema Hussein) who was willing to testify that the phone

number was hers and had been out of service for several months prior to the alleged phone calls. Petitioner also informed Taylor that he was not in Coles County on September 19, 2006, one of the dates he allegedly participated in a drug sale, and provided him with the phone numbers and addresses of two witnesses (Tammy Collins and Heather Coe) who were willing to testify that he was not present on that date. Petitioner further averred that had Taylor investigated his claims regarding the phone number and his presence at the drug transactions, he would not have pled guilty and would have gone to trial.

Petitioner's wife Heather Coe also filed an Affidavit, attached as Exhibit B. Coe averred that she spoke with Petitioner multiple times in the 10 days following his sentencing and even tried to contact Taylor on his behalf to convey her husband's desire to file an appeal. She was never able to get ahold of Taylor. On September 13, 2006, she specifically recalled that Petitioner was ill and they went to the doctor's together to obtain treatment for him. Petitioner rested at home for the rest of the day and was unable to do anything else due to medication the doctor had prescribed. On September 13, 2006, as he had on many other occasions, Petitioner allowed Tammy Collins to use his white Chevrolet Malibu. Coe averred that it was impossible for Petitioner to have participated in the September 13, 2006 drug transaction as he was at home ill. It was also impossible for Petitioner to have participated in the September 19, 2006 drug transaction as he was visiting family in Chicago on that date. Also, neither Coe nor Petitioner has ever possessed, owned, or used the cell phone with the (217) 317-1772 number. Petitioner did not own a cell phone in September 2006.

Filed with the Second Amended Motion as Exhibit D was a letter from Virgin Mobile, USA, L.P. (VMU), dated April 23, 2009, stating that the subscriber who had the (217) 317-1772

number, a Danny R. White, received no phone calls from January 1, 2006 through January 1, 2007. That subscriber did have more than one mobile device number during the course of his service with VMU, and did have the (217) 317-1772 number from May 27, 2005 through October 25, 2005. Also included as Exhibit 1 was a Carle Foundation Physician Services receipt showing Petitioner visited the doctor on September 13, 2006.

Petitioner also included as Exhibit C the sworn affidavit of Jeff Endsley, dated September 28, 2006. Endsley is a sworn law enforcement officer with the East Central Illinois Task Force (ECITF). He was conducting an investigation into the sale and delivery of crack cocaine by Petitioner, Tammy Collins, and Matthew Bailey to others in Coles County, Illinois. Endsley met with a government informant who stated that he could make crack purchases from those individuals. On September 13, 2006, Endsley met with the informant at a location in Coles County and the informant was provided with $100 in U.S. currency to be used for the purchase of crack. The informant made a telephone call to Petitioner's cell phone and arranged for the delivery of the crack. The informant then drove to a location in Coles County where he met with Petitioner and Tammy Collins. ECITF agents observed Collins deliver to the informant an amount of what later tested positive as crack. On September 19, 2006, Endsley provided the informant with $150 to be used to purchase crack. The informant called Petitioner's cell and arranged for the crack's delivery. He then drove to a Coles County location where he met with Petitioner and Collins. ECITF agents observed Collins deliver to the informant an amount of what later tested positive for crack. On September 21, 2006, Endsley met with the informant again and provided him with $150 to purchase crack. The informant again called Petitioner's cell phone and arranged the purchase. The informant drove to a Coles County location and met

with Matthew Bailey, Petitioner's cousin. ECITF agents observed Bailey deliver the crack to the informant. Agents followed the vehicle in which Bailey was traveling back to the residence at 1300 S. 12th street in Mattoon, Illinois.

On September 28, 2006, the informant called Petitioner to arrange for the purchase of $1,200 worth of crack. An agreement was made for Petitioner to meet the informant in the parking lot of the Cross County Mall in Mattoon for the delivery. At 2:25 pm Petitioner, Collins, and Bailey arrived at the informant location in the parking lot mall. Agents observed Petitioner exit the vehicle and meet with the informant. Following a pre-arranged signal law enforcement swarmed and Petitioner, Collins, and Bailey were taken into custody. Seized pursuant to the arrest were 14 grams of crack packaged for sale, $1,284 in U.S. currency, and 3.2 grams of cannabis. Endsley then spoke to Heather Coe to request a search of the premises at 1300 S. 12th street in Mattoon. Coe refused consent.

The government filed its Response (#39) on May 21, 2009. In its Response the government discussed the affidavit in support of the criminal complaint against Petitioner. The government's affidavit in support of the criminal complaint mirrored Endsley's affidavit. However, it stated that the number the informant used to call Petitioner to set up the drug transactions was "(217) 317-1772." Also noted was that Petitioner was present at the September 13, 19, and 28, 2006 drug buys. On September 28, 2006, it was Petitioner who provided the informant with crack. Agents interviewed Petitioner following his arrest and he admitted he was selling crack in Mattoon and that his source of supply was someone known by the name of "Ikey." The affidavit also contained information regarding the crack seized at Petitioner's residence following the issuance of a search warrant.

The Response also contained dialogue from the February 21, 2007, change of plea hearing where Petitioner pled guilty. The court asked Petitioner "So it's true that you and Tammy Collins and Matthew Bailey from August of 2006 to about September 28, 2006, were involved in distributing crack cocaine in the Mattoon, Illinois, area?" Petitioner responded with "Yes, your honor." The court continued to question Petitioner and confirmed that he was knowingly and voluntarily pleading guilty to conspiring to distribute 50 or more grams of crack.

The government argues that Petitioner, in his Second Amended Motion, directly contradicted statements he made under oath before this court at his change of plea hearing and is challenging his guilt concerning the offense to which he pled guilty. The government contends that Petitioner has no legal entitlement to benefit by contradicting himself under oath. The new claims made by Petitioner in the affidavits are not supported by "newly discovered evidence" and Petitioner has provided no "compelling explanation" for the dramatic contradiction between his courtroom admissions and the new claims. The government asks that this court deny an evidentiary hearing on these grounds. However, the government concedes the necessity of an evidentiary hearing on the ground of whether he asked Taylor to file a notice of appeal.

Petitioner filed his Reply (#41) on June 8, 2009. In his Reply, Petitioner contends that he has presented actual evidence which supports his allegations. Petitioner also alleges he intended to inform the court at his change of plea hearing of his distrust of his attorney and his worries that he was not being adequately represented, but had no evidence to support himself. Petitioner admits that his second and third grounds for relief in the Second Amended Motion contradict some of the statements he made at the change of plea hearing on February 21, 2007, but believes he has presented sufficient evidence explaining why he felt coerced into pleading guilty.

ANALYSIS

The court will first address Petitioner's second and third grounds: (A) that counsel was ineffective for failure to investigate Petitioner's claim that there was no probable cause to search Petitioner's residence on September 28, 2006, and counsel's failure to file a motion to suppress; and (B) counsel was ineffective for failure to investigate Petitioner's lack of participation in the alleged conspiracy and the subsequent failure to uncover exculpatory evidence.

A claim for ineffective assistance of counsel is appropriate to bring in a § 2255 motion, however to prevail on such a claim a Petitioner must show both that: (1) his attorney's performance was objectively unreasonable and (2) that the objectively unreasonable performance prejudiced Petitioner. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Regardless of when the claim is made, and because there is a presumption that counsel has been effective, a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). Regarding the performance prong, a defendant must direct the court to specific acts or omissions which inform his claim and the court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. For the prejudice prong, the defendant must show that a reasonable probability exists that, but for his counsel's poor performance, the result of the proceeding would have been different. Hardamon v. United States, 319 F.3d 943, 948 (7th Cir. 2003).

"'To demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded

guilty." Hays v. United States, 397 F.3d 564, 568 (7th Cir. 2005), citing Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). "This test is 'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." Hays, 397 F.3d at 568.

Evidentiary hearings on § 2255 motions are not mandatory and the Seventh Circuit has held that in order for a hearing to be granted, the petition must be accompanied by an affidavit which shows that the petitioner has actual proof of what he is alleging going beyond mere unsupported assertions. Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Prewitt, 83 F.3d at 819, citing Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989).

Petitioner's Second and Third Grounds

Both of Petitioner's contentions turn on the same factual bases: (1) Petitioner was not involved in the telephone calls with the government informant setting up the buys and (2) was not present at the controlled buys of September 13 and 19, 2006, as alleged in the search warrant affidavit and the criminal complaint. Rather, Petitioner has provided the affidavits of Tammy Collins, a co-defendant, and his wife, Heather Coe, saying that he was not involved in said telephone calls and that he was home sick on September 13 and visiting family in Chicago on September 19. Petitioner has also provided documentation that the phone number the informant called was not in use in September 2006. This is, of course, in direct opposition to what is claimed in the search warrant affidavit and criminal complaint affidavit. Both affidavits state that the informant called Petitioner and ordered crack cocaine from him and then law enforcement officers observed Petitioner present when the drug deal occurred on September 13 and 19, the dates Petitioner claims he was in the hospital and in Chicago, respectively. However,

the affidavit for the search warrant also details drug deals on September 21 and 28, 2006 that were the basis for the warrant. Petitioner has offered no rebuttal for the September 28, 2006, incident where the informant spoke to him to set up a deal and Petitioner was observed meeting the informant. Petitioner was then arrested along with his co-defendants. 14 grams of crack packaged for sale was also found.

The government has also noted how Petitioner is now contradicting himself with his denial of participation in the offenses charged when, at his change of plea hearing, he admitted to the government's evidence that the informant contacted him and made arrangements to purchase crack cocaine and that both of those transactions began with the informant contacting Petitioner.

Taking the arguments on both sides in total, the court cannot say that defense counsel John Taylor's failure to file a motion to suppress and investigate further to discover exculpatory evidence rose to the level of ineffective assistance so as to require an evidentiary hearing. Petitioner has a report claiming the cell phone number supposedly called was not in use and not in his name and affidavits from his wife and co-defendant claiming he was not at the September 13 and 19 drug deals. However, the search warrant affidavit details not just buys on September 13 and 19 that Petitioner was present for, but also states that Petitioner was present at the September 28, 2006 drug transaction where he was arrested that also formed the basis for the search warrant. Petitioner has not contested his presence at that drug deal. It is reasonable to believe that it was sound strategy for defense counsel Taylor to see the evidence against his client as overwhelming and that the information to be gleaned from a co-defendant and Petitioner's wife, not exactly disinterested parties, would not contribute greatly to a motion to suppress's chances of success. Further, it is reasonable to believe that Taylor thought

Petitioner's best option was to enter into a plea deal with the government to receive the best possible sentence, rather than filing a motion to suppress that Taylor did not think had a good probability of success.

Petitioner has submitted additional information, but not necessarily "newly discovered evidence" in support of his contentions. The court cannot say that Taylor's performance was so unreasonable that Petitioner has carried his heavy burden of showing that Taylor's alleged acts or omissions were outside the wide range of professionally competent assistance. The court finds, based on the filings and record, that Taylor's decision not to file a motion to suppress or investigate Petitioner's claims further was not so unreasonable as to rise to ineffective assistance. An evidentiary hearing is not needed in this instance for the court to make its determination. Petitioner's motion on grounds two and three is DENIED.

<u>Petitioner's First Ground</u>

Petitioner's first ground is that he asked Taylor to file a notice of appeal and Taylor did not do so. The government disagrees, but agrees with Petitioner that an evidentiary hearing is needed to determine this issue. The court also agrees, and as it did in its Order (#19) of September 10, 2008, orders an evidentiary hearing to be held on the matter July 8, 2009.

IT IS THEREFORE ORDERED:

(1) Because of the filing of the Second Amended Motion (#36) the original Motion (#1) and First Amended Motion (#21) are deemed MOOT.

(2) Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#36) with regards to grounds (2) and (3) is DENIED.

(3) An evidentiary hearing is to be held on the first ground and the first ground only,

concerning whether Petitioner asked counsel to file a direct notice of appeal.

(4) This matter is to be taken up at the motion hearing which remains set for July 8, 2009, in Courtroom A at 9:30 a.m.

ENTERED this 30th day of June, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE